UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **FRANCES JEAN MOORE** | **CASE NO. 5:19-CV-00987** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **SOCIAL SECURITY ADMINISTRATION** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the Court is Social Security Administration's ("SSA") motion to dismiss Moore's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. The motion is unopposed.

Federal courts cannot adjudicate Moore's complaints about the amount of time it took for SSA to process her social security claim. Accordingly, the Court lacks subject matter jurisdiction and the motion to dismiss should be **GRANTED**.

### Background

This lawsuit arises from Moore's experience with SSA during her appeal. Moore first filed claims for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (the "Act") on December 17, 2010. Following a hearing on September 14, 2011, an administrative law judge denied Moore's claim on November 30, 2011. On October 19, 2012, the Appeals Council denied Moore's request for review of the ALJ's decision.

On February 11, 2013, Moore filed a complaint challenging the Commissioner's final decision. On July 22, 2014, this Court remanded Moore's case to the Commissioner for further administrative proceedings.

On remand, a different ALJ held a hearing on March 11, 2015, and issued a partially favorable decision on July 14, 2016. The ALJ approved Moore's SSI claim but concluded for DIB purposes she was not disabled during the period she had insured status. On January 26, 2017, the Appeals Council affirmed the finding that Moore was disabled for SSI purposes and remanded the case for further consideration of Moore's DIB claim.

On August 1, 2017, the ALJ held another hearing. On October 25, 2017, the ALJ issued a decision finding Plaintiff was disabled during the period she had insured status for DIB purposes.

On October 24, 2018, Moore filed a civil action in this Court. (*See Moore v. Soc. Sec. Admin.*, Civ. No. 5:18-1402 (W.D. La.) (*Moore* 2018 Civil Action)). Therein, Moore objected to the lack of timely rulings by judges. On February 11, 2019, the Court issued a Notice of Intent to Dismiss for Failure to Prosecute under Local Rule 41.3. (*Moore* 2018 Civil Action, doc. # 6). On March 5, 2019, the Court dismissed Moore's complaint in its entirety. (*Moore* 2018 Civil Action, doc # 7).

On July 25, 2019, Moore filed her instant complaint. [doc. #1]. She asks the Court to hold the SSA accountable and liable for mental anguish and financial damages she suffered because judges failed to timely adjudicate her Social Security claim. She asserts jurisdiction exists because her claim is against a federal agency. On December 26, 2019, SSA filed its motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). [doc. # 10]. Per the notice of motion setting, Moore had until January 16, 2020, to file her reply, but did not. [doc. # 11]. The matter is ripe.

**Rule 12(b)(1) Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal based on a lack of subject matter jurisdiction. The burden of proof rests with the party who asserts subject matter jurisdiction exists. *Willoughby v. United States*, 730 F.3d 746, 749 (5th Cir. 2013). When evaluating the motion, "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Spotts v. United States*, 613 F.3d 559, 566-67 (5th Cir. 2012)).

**Law and Analysis**

SSA presents three arguments challenging jurisdiction: (1) Moore's Social Security appeal is untimely; (2) the Court lacks subject matter jurisdiction for any FTCA action; and (3) the Court's dismissal of Moore's 2018 Civil Action bars the present complaint.

The first step is to determine what claim(s) Moore brings. She sues the SSA, an agency of the United States, for the "unrealistic delays, [un]structured time limits and regulations that unfairly penalize claimants." (Pl.'s Compl. pg. 4). Her complaint centers around the hardships she endured during the pendency of her Social Security Claim, especially the mental anguish and distress she alleges was caused by the length of the proceedings. Liberally construing her complaint, the undersigned believes she alleges (1) a violation of her constitutional rights and (2) tort claims against SSA.

**A. Constitutional violation claim(s) are barred by sovereign immunity.**

Federal subject matter jurisdiction is limited and must be conferred by Congress within the bounds of the Constitution. *See, e.g.,* U.S. CONST. art. III, § 2; Marbury v. Madison, 5 U.S. (1

Cranch) 137, 176, 179, 2 L. Ed. 60 (1803). It is well settled that "the United States as sovereign is immune from suits save as it consents to be sued." *Creel v. United States*, 598 F.3d 210, 213 (5th Cir. 2010). Absent a waiver of sovereign immunity, the federal government is immune from suit. *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007). As an agency of the United States, the SSA enjoys sovereign immunity from suit absent consent, and such consent is a prerequisite for jurisdiction. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1984)("[A]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251-52 (5th Cir. 2006)(en banc)(citing *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996)("The Constitution contemplates that, except as authorized by Congress, the federal government and its agencies are immune from suit."); *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368 (5th Cir. 1987)("Sovereign immunity bars suits against the United States government, its departments and agencies, and its officers and employees in their official capacity.")

Section 405(g) of the Social Security Act only permits suits challenging final decisions of the SSA in connection with Social Security eligibility and benefits determinations. *See* 42 U.S.C. § 405(g)(providing that federal court jurisdiction is limited to "affirming, modifying, or reversing the [final] decision of the Commissioner.")

Here, Plaintiff's complaint does not challenge any final decision, and 42 U.S.C. § 405(g) does not expressly waive the SSA's immunity from suit as to the claims Moore asserts. Because sovereign immunity operates as a jurisdictional bar, this court lacks subject matter jurisdiction over Moore's constitutional claim(s). *See Fabian v. Colvin*, 2014 WL 3952803, at *2 (W.D. Tex. Aug. 13, 2014)(dismissing pro se plaintiff's discrimination, evidence tampering, emotional distress, and due process claims against SSA on sovereign immunity grounds); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, 2012 WL 3112020, at *2 (D. Neb. July 31, 2012)("It is well settled that the United States has

4

not waived its sovereign immunity for suits seeking damages based on alleged constitutional violations" (citing cases)).

### B. Tort claims are also barred.

The potential tort claims should also be dismissed. Though sovereign immunity typically bars claims against the United States, the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for torts. It is well-established that FTCA claims may be brought against only the "United States," and not the agencies or employees of the United States. *See* §§ 2671, 2679(a), (b)(1)(providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment); *Walters v. Smith*, 409 Fed. Appx 782, 783 (5th Cir. 2011)(collecting cases).

In this matter, Moore sues the SSA, not the United States. Thus, the FTCA does not provide a waiver of sovereign immunity because she cannot sue the SSA under the FTCA.

Even assuming Moore's tort claims fall within the limited waiver of sovereign immunity under the FTCA, that waiver is precluded if an administrative claim is not filed prior to filing suit:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful acts or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency in writing and sent by certified or registered mail.

§ 2675(a). Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. *Cook v. United States*, 978 F.2d 164, 165 (5th Cir. 1992). Because Moore did not go through the administrative process, her claim would fail for lack of subject matter jurisdiction even if she had sued the United States.

### C. SSA's other arguments.

Because subject matter jurisdiction is lacking, the court does not need to address the timeliness or claim preclusion arguments.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that defendant Social Security Administration's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be **GRANTED** and Moore's claims **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 22nd day of January 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE